[Cite as *Raus v. Ohio Bur. of Motor Vehicles*, 2011-Ohio-4937.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROGER RAUS

    Appellant

    v.

STATE OF OHIO BMV

    Appellee

C.A. No.      25796

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    10 CV 02075

## DECISION AND JOURNAL ENTRY

Dated: September 28, 2011

---

MOORE, Judge.

{¶1}    Appellant, Roger Raus, appeals the order of the Akron Municipal Court that denied his petition to obtain an Ohio driver's license. This Court reverses.

{¶2}    Mr. Raus had many convictions for driving under the influence of alcohol over the course of at least twenty years. In 1988, he was convicted in the state of Florida. Thereafter, he renewed his Ohio driver's license once with no problems, but in 2008, he could not renew his license because the Ohio Bureau of Motor Vehicles' database indicated that his license had been blocked as a result of the Florida conviction. Mr. Raus petitioned the Akron Municipal Court for permission to apply for a new license. The trial court denied his petition, and Mr. Raus appealed.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN APPLYING O.R.C. SECTION 4510.54 TO AN OHIO DRIVER WHOSE LICENSE WAS PERMANENTLY REVOKED BY THE STATE OF FLORIDA AND WAS BASED ON APPELLANT'S HAVING FOUR DRIVING UNDER THE INFLUENCE OF ALCOHOL

CONVICTIONS, INCLUDING ONE IN FLORIDA IN 1988; THE TRIAL COURT SHOULD HAVE APPLIED O.R.C. 4507.08(D)(5) AND O.R.C. SECTION 4510.61 WHICH REQUIRE THAT OHIO COURTS TREAT SUSPENSIONS OR REVOCATIONS FROM OTHER STATES AS THOUGH THE CONDUCT GIVING RISE TO THE FLORIDA REVOCATION HAD OCCURRED IN OHIO. SINCE OHIO HAS NEVER PROVIDED FOR A LIFETIME SUSPENSION FOR MISDEMEANOR OVI CONVICTIONS, THE TRIAL COURT SHOULD HAVE ORDERED THE OHIO BMV TO PERMIT APPELLANT TO TEST TO RENEW HIS OHIO DRIVER'S LICENSE."

{¶3} Mr. Raus' assignment of error is that the trial court erred by applying the Interstate Driver's License Compact to his case in conjunction with R.C. 4510.54(A), leading to the conclusion that he could not apply for a driver's license until 2016. We agree that the trial court erred, but for a different reason.

{¶4} This matter involves the interaction of three statutes. R.C. 4510.61 enacts the Interstate Drivers License Compact, which seeks, in part, to "[m]ake the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable" with respect to uniform compliance with motor vehicle laws from state-to-state. R.C. 4510.61, Article I, Section (b)(2). To that end, the Compact requires "[t]he licensing authority in the home state *** [to] give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state" for driving under the influence of alcohol. R.C. 4510.61, Article IV, Section (a)(2).

{¶5} R.C. 4507.08 and R.C. 4510.54, on the other hand, describe how an Ohio driver whose license has been suspended or revoked may obtain driving privileges again. Under R.C. 4510.54, a driver whose license has been suspended for life or for a period greater than fifteen years may petition the sentencing court to modify the term of the suspension. R.C. 4510.54(A). In addition to demonstrating financial responsibility and, in the case of a suspension for driving under the influence, completion of a substance abuse treatment program and resulting sobriety, a

driver who petitions under the statute must demonstrate two things related to the passage of time. First, the driver must show that at least fifteen years have passed since the suspension began. R.C. 4510.54(A)(1). Second, the driver must show that he or she has had no felonies, moving violations, or any drug or alcohol-related offenses in the fifteen years preceding the petition. R.C. 4510.54(A)(2) and (A)(4)(c).

{¶6}    Under R.C. 4507.08, a person whose driver's license is cancelled or revoked, regardless of the jurisdiction in which the revocation occurred, is not eligible to apply for a new Ohio driver's license until one year after the revocation. R.C. 4507.08(D)(5). A driver in that situation may, however, petition the municipal court with jurisdiction over his residence to permit the application. Id. The petition should allege "that the conduct involved in the offense that resulted in suspension, cancellation, or revocation in the foreign jurisdiction would not have resulted in a suspension, cancellation, or revocation had the offense occurred in this state." Id.

{¶7}    Applications to obtain a new Ohio driver's license after a cancellation or revocation, therefore, are handled differently than modifications of a suspension. Mr. Raus' petition referred to revocation of his license by the State of Florida, but it is unclear from the record whether a revocation or suspension is at issue. Both the magistrate and the trial court analyzed this case as though Mr. Raus is subject to a lifetime suspension. As the statutes discussed above demonstrate, a "suspension" and a "cancellation" or "revocation" are not the same. See, generally, R.C. 4501.01. The trial court erred by analyzing this case under R.C. 4510.54 without first determining whether Mr. Raus' driver's license was revoked or suspended. Mr. Raus' assignment of error is, therefore, sustained.

{¶8}    Mr. Raus' assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

PHILIP J. KOREY, Attorney at Law, for Appellant.

CHERI B. CUNNINGHAM, Director of Law, and DOUGLAS J. POWLEY, Chief City Prosecutor, for Appellee.